**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------x

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

  **- against -**

**ODINI HEMMINGS,**

                **Defendant.**

**OPINION AND ORDER**

**07 CR 421 (NG) (JMA)**

----------------------------------------------------------x

**GERSHON, United States District Judge:**

      On July 21, 2009, defendant Odini Hemmings was convicted by a jury of two counts (Counts One and Four) charged against him in a five-count superseding indictment. Count One charged that he was guilty of a conspiracy between approximately June 2003 and September 2006 to possess with intent to distribute cocaine base, and Count Four charged him with possession with intent to distribute five grams or more of cocaine base on or about August 3, 2005. The jury was unable to reach a unanimous verdict as to whether Count One, as charged, involved 50 grams or more of cocaine base, but did find that Count Four involved five grams or more of cocaine base. The jury did not reach a verdict as to Counts Two or Three, and acquitted the defendant of Count Five, a gun charge.

      Defendant now moves for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, or alternatively, for a new trial under Rule 33.

## Standards

<u>Rule 29</u>

Rule 29(a) provides that "the court on the defendant's motion must enter a judgment of acquittal on any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(c). In cases where "the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." <u>Id.</u> "A defendant bears a heavy burden in seeking to overturn a conviction on grounds that the evidence was insufficient." <u>United States v. Cruz</u>, 363 F.3d 187, 197 (2d Cir. 2004). If, "'after viewing the evidence in the light most favorable to the [government], <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" a defendant's conviction should not be overturned. <u>United States v. Rodriguez</u>, 392 F.3d 539, 544 (2d Cir. 2004) (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in <u>Jackson</u>)). "While we defer to a jury's assessments with respect to credibility, conflicting testimony, and the jury's choice of the competing inferences that can be drawn from the evidence, specious inferences are not indulged." <u>United States v. Jones</u>, 393 F.3d 107, 111 (2d Cir. 2004) (quotation marks and internal citations omitted). "[I]f the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt." <u>United States v. Glenn</u>, 312 F.3d 58, 70 (2d Cir. 2002) (quotation marks omitted). Nevertheless, "[o]ur evaluation looks at the evidence in its totality, and the Government need not negate every theory of innocence." <u>Id.</u> at 63 (quotation omitted). Thus, the court must review evidence offered at trial "as a whole, not in isolation." <u>United States v. Canady</u>, 126 F.3d 352, 356 (2d Cir. 1997) (quotation omitted). "[T]he government is entitled to prove its case solely through circumstantial evidence, provided, of course, that the government still demonstrates each element of the charged offense beyond a reasonable doubt." <u>Rodriguez</u>, 392 F.3d at 544. Indeed, "the jury's verdict may

rest entirely on circumstantial evidence." United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003).

Rule 33

Defendant also moves for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, pursuant to which, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). In other words, a court may "set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." United States v. Ferguson, 246 F.3d 129, 133 (2d Cir. 2001) (quotation omitted). A trial court must exercise its Rule 33 authority "sparingly and in only the most extraordinary circumstances." Id. at 134 (quotations omitted). "There must be a real concern that an innocent person may have been convicted." Id.

## Sufficiency of the Evidence

The government relied at trial on essentially the same evidence to establish defendant's guilt of Counts One and Four. That evidence was more than sufficient under Rule 29 to establish his guilt. It included consensual recordings between co-conspirator Tamara Williams and the defendant discussing the August 3, 2005, drug deal; surveillance photos of the two taken during the drug deal; the actual drugs, over 26 grams, recovered by the agent after the deal; and the defendant's admission to a cooperating witness, Hayden McQuilken, after the defendant's arrest, implicating him in a deal in which, he said, he had been set up by a girl to whom he had sold crack. The defendant spends a great deal of time in his motion papers claiming that the various cooperating witnesses were incredible as a matter of law, but, as to the Counts where cooperating witnesses presented the only evidence against the defendant, the defendant was either acquitted (Count Five) or the jury was hung (Counts Two and Three). As to Counts One and Four, there was ample evidence, in addition to the evidence of cooperators McQuilken, and Samuel Burnette (who

3

participated, as an informant, in the August 3, 2005, drug sale) to support the convictions. And, any issues as to their credibility as to these two counts, and any inconsistencies in the evidence, was for the jury to resolve.

Nor, under Rule 33, does the court perceive a miscarriage of justice in the two convictions, or have a concern that an innocent person may have been convicted.

## Jury Deliberations and Verdicts

The defendant argues that the jury's "lengthy and confused" deliberations support his motions, but he fails to identify anything untoward that would justify an acquittal or new trial. On the contrary, it is clear that the jury was earnest and thoughtful in its deliberations and questions. It sought appropriate guidance from the court, and its verdicts evidenced no confusion. Nor was there anything inconsistent in the verdicts, as defendant, with no elaboration, claims.

## Defendant's Right to Present Alternative Transcripts

Defendant argues that he was denied his right to present alternative transcripts of the consensual recordings. This argument is belied by the record. The court repeatedly invited the defendant, both pre-trial and during trial, to present alternative transcripts, but he declined to do so. Moreover, defendant does not identify what portions of the government's transcript—offered to the jury as an aid and not as evidence—he thinks was incorrect.

The motion for relief under Rules 29 or 33 is denied.

**SO ORDERED.**

_____/s/ Nina Gershon_____
**NINA GERSHON
United States District Judge**

Dated: Brooklyn, New York
September 22, 2009